CLERK'S OFFICE U.S. DIST COURT
AT ROANOKE, VA
FILED
JAN 26 2006
JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| JAMES D. PURCELL, SR., ) | |
| ) | Civil Action No. 5:05CV00030 |
| Plaintiff, ) | |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| JO ANNE B. BARNHART, ) | |
| Commissioner of Social Security, ) | By: Honorable Glen E. Conrad |
| ) | United States District Judge |
| Defendant. ) | |

Plaintiff has filed this action challenging the final decision of the Commissioner of Social Security denying plaintiff's claim for supplemental security income benefits under the Social Security Act, as amended, 42 U.S.C. § 1381 et seq. Jurisdiction of this court is pursuant to 42 U.S.C. § 1383(c)(3), which incorporates § 205(g) of the Social Security Act, 42 U.S.C. § 405(g). As reflected by the memoranda and argument submitted by the parties, the issues before this court are whether the Commissioner's final decision is supported by substantial evidence, and if it is not, whether plaintiff has met the burden of proof as prescribed by and pursuant to the Act. Stated briefly, substantial evidence has been defined as such relevant evidence, considering the record as a whole, as might be found adequate to support a conclusion by a reasonable mind. Richardson v. Perales, 402 U.S. 389, 401 (1971).

The plaintiff, James D. Purcell, Sr., was born on January 18, 1962 and eventually reached the ninth grade in school. Mr. Purcell has worked as a factory laborer, landscaper, and mobile home installer. Apparently, he last worked on a regular and sustained basis in 1995. On August 6, 2002, Mr. Purcell filed an application for supplemental security income benefits. Earlier applications for disability insurance benefits and supplemental security income benefits had been unsuccessful. In

filing his most recent claim, plaintiff alleged that he became disabled for all forms of substantial gainful employment on September 3, 1997, due to pain in his back and neck, as well as mental problems. He now maintains that he has remained disabled to the present time.

Mr. Purcell's application was denied upon initial consideration and reconsideration. He then requested and received a de novo hearing and review before an Administrative Law Judge. In an opinion dated February 19, 2004, the Law Judge also ruled that Mr. Purcell is not disabled. While the Law Judge did not make explicit findings as to the nature or diagnoses of plaintiff's impairments, the Law Judge's summary of the evidence suggests findings of musculoskeletal impairment, psychiatric dysfunction, and substance abuse. Because of plaintiff's physical limitations, the Law Judge held that Mr. Purcell is unable to perform any of his past relevant work roles. Furthermore, considering plaintiff's alcohol and drug abuse problems, the Law Judge ruled that plaintiff suffers from a listed impairment under Rule 12.09 of Appendix I to Subpart P of the Administrative Regulations No. 4.[1] However, the Law Judge recognized that a claimant cannot be found disabled for purposes of entitlement to supplemental security income benefits if alcoholism or drug addiction contributes to the claimant's disability. See 42 U.S.C. § 1382c(a)(3)(J). The Law Judge found that without considering the effects of alcohol and drug abuse, Mr. Purcell retains sufficient functional capacity to perform simple, unskilled light work in a low stress environment with minimal interaction with people. Given such a residual functional capacity, and after considering plaintiff's age, education, and prior work experience, as well as testimony from a vocational expert, the Law Judge determined that Mr. Purcell retains sufficient functional capacity to perform several specific

---

[1] If a claimant suffers from a listed impairment, the claimant is deemed to be disabled for all forms of work activity without consideration of factors such as age, education, and prior work experience. See 20 C.F.R. § 416.920(d).

2

light work roles which exist in significant number in the national economy. Accordingly, the Law Judge ultimately concluded that plaintiff is not disabled, and that he is not entitled to supplemental security income benefits. See 20 C.F.R. § 416.920(g).

The Law Judge's opinion was adopted as the final decision of the Commissioner by the Social Security Administration's Appeals Council. Having exhausted all available administrative remedies, Mr. Purcell has now appealed to this court.

While plaintiff may be disabled for certain forms of employment, the crucial factual determination is whether plaintiff is disabled for all forms of substantial gainful employment. See 42 U.S.C. § 1382c(a). There are four elements of proof which must be considered in making such an analysis. These elements are summarized as follows: (1) objective medical facts and clinical findings; (2) the opinions and conclusions of treating physicians; (3) subjective evidence of physical manifestations of impairments, as described through a claimant's testimony; and (4) the claimant's education, vocational history, residual skills, and age. Vitek v. Finch, 438 F.2d 1157, 1159-60 (4th Cir. 1971); Underwood v. Ribicoff, 298 F.2d 850, 851 (4th Cir. 1962).

After a review of the record in this case, the court is unable to conclude that the Commissioner's final decision is supported by substantial evidence. It is undisputed that Mr. Purcell is disabled. However, as noted above, the Administrative Law Judge found that plaintiff experiences alcohol and drug abuse which are material to a finding of disability, such as to preclude entitlement to supplemental security income benefits. See 20 C.F.R. § 416.935. The court is unable to conclude that the medical record supports the notion that plaintiff's psychiatric dysfunction would not render him disabled, independent of whatever substance abuse problems Mr. Purcell may continue to experience. Given the medical assessment of plaintiff's psychiatric impairments by those specialists

3

who have actually examined Mr. Purcell, the court concludes that plaintiff has met the burden of proof in establishing disability for all forms of substantial gainful employment without regard to any persisting alcohol or drug problems.

The medical record establishes that Mr. Purcell suffers from significant musculoskeletal discomfort. However, the court believes that the Administrative Law Judge reasonably found that plaintiff's physical problems are not so severe as to prevent performance of lighter forms of work activity. Mr. Purcell also suffers from significant and severe psychiatric dysfunction. He has been treated on a regular basis by Dr. Marigail Wynne, a psychiatrist. Beginning in April 2002, plaintiff has seen Dr. Wynne about every two or three months. Dr. Wynne has diagnosed major depressive disorder with psychotic features; impulse control disorder; personality disorder; and borderline intellectual function. A reading of Dr. Wynne's treatment notes suggests a finding that Mr. Purcell's alcohol dependence is in remission, though it is noted that plaintiff continues to occasionally drink beer and smoke marijuana. Dr. Wynne has submitted medical assessments of plaintiff's mental ability for work-related activities which indicate that plaintiff is totally disabled for all forms of regular and sustained work activity.

Mr. Purcell has also undergone a consultative psychological evaluation by Dr. Joseph J. Cianciolo. Dr. Cianciolo saw plaintiff at the behest of the disability determination services. Based on a clinical interview and psychological testing results, Dr. Cianciolo diagnosed major depressive disorder, severe with psychotic features; alcohol dependence, early full remission; borderline intellectual functioning; and schizoid personality disorder. Dr. Cianciolo offered the following overall assessment:

4

> Based upon the results of this evaluation, it appears that the patient would experience difficulty performing detailed and complex tasks. He does appear to possess the capability to perform simple and repetitive tasks. The patient's ability to maintain regular attendance in the workplace, perform work activities on a consistent basis, and completing a normal workday or work week without interruption would appear to be significantly impaired as a function of psychological illness. His ability to accept instruction from supervisors as well as interact with co-workers and the public appears to be markedly impaired as is his ability to cope with routine stressors encountered in competitive work. There is no indication for inpatient psychiatric treatment at the present time. It is strongly recommended that the patient continue receiving outpatient psychiatric treatment. Given the patient's history of substance abuse and ongoing psychiatric illness, it appears that the patient is not able to adequately manage his own funds. Prognosis for significant change would appear to be poor giving the duration and severity of psychiatric illness a well as duration and severity of prior substance abuse. Prognosis for significant change would appear to be poor. (TR 161).

In short, it is essentially undisputed that the report from plaintiff's regularly treating psychiatrist and the report from the consultative psychologist indicate that Mr. Purcell is disabled for all forms of substantial gainful activity. Indeed, when presented with Dr. Cianciolo's assessment, the vocational expert testified that there are no jobs which plaintiff could be expected to perform. (TR 311).

The Administrative Law Judge denied the claim, reasoning that plaintiff's psychiatric dysfunction would not be of disabling severity if he refrained from the use of alcohol and drugs. Stated differently, the Law Judge found that plaintiff's substance abuse is material to a finding of disability. See 20 C.F.R. § 416.935(b)(2)(i). In so holding, the Law Judge cited a report from "state agency medical consultants" who reviewed all the medical evidence and submitted assessments of plaintiff's capacity for work without actually having examined Mr. Purcell. (TR 29). In one of these reports, Dr. Sulaiha Mastan, a clinical psychologist, assessed plaintiff's case as follows:

> History of chronic etoh + marijuana abuse. Abuse of such substances can induce or exacerbate neurovegetative symptoms, anxiety + depressed mood, cognitive

5

> difficulties, and even psychosis. With abstinence, these symptoms clear. Associated with substance abuse is claimant's criminal record (DWIs/habitual offender, + owing child support). Claimant is taking mood stabilizers to manage mood problems. Review of record shows that claimant neatly groomed/attired, speech relevant, dysphoric mood (a milder mood state), no delusions, reported improvement in auditory hallucination (due to medications). However, his thoughts were logical + goal directed. Mood symptoms may vacillate from mild to moderate depending upon how claimant manages physical health problems + other challenges + maintaining abstinence. Even his substance abuse, claimant still presents as stable enough + having sufficient mental resources for engagement in SGA in a low stress environment. (TR 193).

The Law Judge quoted Dr. Mastan's observations in finding that plaintiff's substance abuse is material to a determination of disability.

The court is unable to conclude that the Law Judge's assessment of this issue is supported by substantial evidence. At the outset, the court notes that Dr. Mastan observed that substance abuse <u>can</u> contribute to the severity of psychiatric problems. The nonexamining medical consultant did not find, or cite any evidence to support the notion, that such abuse has contributed to the severity of psychiatric symptoms in Mr. Purcell's particular case. More importantly, the evidence of record supports the contrary proposition.

Based on the medical reports submitted by Dr. Wynne, and the therapist who saw Mr. Purcell on referral from Dr. Wynne, there is no indication that plaintiff has actually abused alcohol since 2002. More importantly, while plaintiff has continued to use alcohol and marijuana sporadically, neither Dr. Wynne nor Dr. Cianciolo considered Mr. Purcell's substance abuse to be of diagnostic significance. Indeed, both the treating psychiatrist and the psychological consultant who saw plaintiff at the behest of the disability determination services, described plaintiff's substance abuse as in remission. There is simply no indication that either medical specialist found that plaintiff's depressive disorder and psychotic features are in any way linked to past or current substance abuse.

Clearly, Dr. Wynne's treatment plan deals with these psychiatric disorders as "stand alone" problems. Dr. Wynne did not emphasize the need for drug or alcohol counseling. Instead, Dr. Wynne thought that it was important that plaintiff remain on his medication and seek regular therapeutic counseling. In short, the court finds no evidence to support the Law Judge's determination that plaintiff's substance abuse is material to a finding of disability.[2]

For the reasons stated, the court finds that the Commissioner's final decision is not supported by substantial evidence. The court finds that Mr. Purcell has met the burden of proof in establishing disability for purposes of his application for supplemental security income benefits. Given Dr. Wynne's clinical notes indicating that plaintiff did not use alcohol to excess after April 2002, the court finds that Mr. Purcell has met the burden of proof in establishing that he was disabled at the time he filed his application for supplemental security income benefits on August 6, 2002.

Based on the conclusion that the Commissioner's final decision is not supported by substantial evidence, defendant's motion for summary judgment must be denied. Upon the finding that plaintiff has met the burden of proof as prescribed by and pursuant to the Act in establishing disability for all forms of substantial gainful employment, judgment will be entered in favor of the plaintiff. The Commissioner's final decision denying supplemental security income benefits will be reversed to the extent that the denial was based on the finding that plaintiff is not disabled. However, since the Commissioner has apparently not considered whether plaintiff meets the

---

[2] The court's opinion should not be read to suggest that plaintiff's substance abuse had no role in the development or severity of his current symptomatology. However, the relevant test under the statute and implementing regulations is whether plaintiff could be expected to perform work activity if he "stopped using drugs or alcohol." See 20 C.R.F. § 416.935(b)(2). Based on the reports of Dr. Wynne and Dr. Cianciolo, it is clear that Mr. Purcell would be unable to perform the alternate work roles envisioned by the vocational expert even if he did not carry a diagnosis of substance abuse in remission and even if he did not occasionally ingest marijuana and alcohol.

7

financial eligibility requirements under the SSI benefit program, the court must remand the case to the Commissioner for an appropriate determination. An order and judgment in conformity will be entered this day.

The clerk is directed to send certified copies of this opinion to all counsel of record.

ENTER: This 26th day of January, 2006.

/s/ Glen E. Conrad
United States District Judge