CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
AUG 0 3 2006
JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| JAMES D. PURCELL, SR., <br><br> Plaintiff, <br><br> v. <br><br> JO ANNE B. BARNHART, <br> Commissioner of Social Security, <br><br> Defendant. | Civil Action No. 5:05CV00030 <br><br> **MEMORANDUM OPINION** <br><br> By: Hon. Glen E. Conrad <br> United States District Judge |

The plaintiff has filed a motion for award of attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. The case involved plaintiff's appeal from the administrative adjudication by the Commissioner of Social Security of plaintiff's claim for supplemental security income benefits under the Social Security Act, as amended, 42 U.S.C. § 1381 et seq. Jurisdiction of this court is pursuant to 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3). Under 28 U.S.C. § 2412(d)(1)(A), it is provided, in pertinent part, that the court shall award to a prevailing party fees and other expenses in any civil action brought against the United States unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

By memorandum opinion and order entered January 26, 2006, the court reversed the Commissioner's denial of plaintiff's claim for supplemental security income benefits and remanded plaintiff's claim for determination of plaintiff's eligibility under the remaining statutory criteria. Throughout the proceedings before this court, plaintiff was represented by Kevin J. Sullivan, Esq., of Waynesboro, Virginia. Mr. Sullivan has submitted a petition seeking a total fee of $3,925.00 based on 31.4 hours of work. The Commissioner objects to such an award of attorney's fees and

argues that the plaintiff is not entitled to attorney's fees because the Commissioner's position was substantially justified within the meaning of EAJA. For the reasons stated below, the court finds that an award of attorney's fees in the amount of $3,925.00 is proper.

In order to receive attorney's fees under the EAJA, litigants must first establish themselves as the "prevailing party." See 28 U.S.C. § 2412(d)(1)(A). In determining who is defined as a prevailing party, the Supreme Court has implemented a "generous formulation":

> [P]laintiffs may be considered 'prevailing parties' for attorney's fees purposes if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit.

See Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). Purcell prevailed over the Commissioner with respect to the motion for summary judgment, and is therefore a "prevailing party." Therefore, Purcell is entitled to an award of reasonable attorney's fees, unless the government's position was substantially justified.

It is well established that the burden of proof lies on the government to establish substantial justification for purposes of avoiding attorney's fees under EAJA. See Tyler Bus. Servs., Inc. v. NLRB, 695 F.2d 73, 75 (4th Cir. 1982). "Substantially justified" means that there is a "genuine dispute," or that "reasonable people could differ" as to the propriety of the contested action. Pierce v. Underwood, 487 U.S. 552, 565-66 (1988). The Fourth Circuit has framed the inquiry in the following terms:

> [W]hen determining whether the government's position in a case is substantially justified, we look beyond the issue on which the petitioner prevailed to determine, from the totality of circumstances, whether the government acted reasonably in causing the litigation or in taking a stance during the litigation. In doing so, it is appropriate to consider the reasonable overall objectives of the government and the extent to which the alleged governmental misconduct departed from them.

2

Roanoke River Basin Ass'n v. Hudson, 991 F.2d 132, 139 (4th Cir. 1993), *accord* CEMS, Inc. v. United States, 65 Fed. Cl. 473, 478 (Fed. Cl. 2005). Following this counsel, the court finds that the government's position was not substantially justified.

In denying the motion for summary judgment, the court noted that "*it is essentially undisputed* that the report from plaintiff's regularly treating psychiatrist and the report from the consultative psychologist indicate that Mr. Purcell is disabled for all forms of substantial gainful activity." Memo. Op. at 5 (emphasis added). The Commissioner now asserts that its position was substantially justified because the plaintiff failed to submit the psychiatrist's clinical notes prior to the issuance of the Administrative Law Judge's ("ALJ") opinion, and due to this oversight, the Commissioner suffered a detriment when this court based its decision on the notes. The Commissioner is mistaken.

It is true that plaintiff submitted additional clinical notes from the treating psychiatrist, Dr. Wynne, sometime after the case was filed in this court. However, this court did not consider or rely on the new medical evidence submitted after the date of the ALJ's decision. The clinical notes regarding Dr. Wynne's treatment plan and opinions that are referenced on page 7 of the memorandum opinion were part of the record before both the ALJ and this court. (TR at 177-90.) Dr. Wynne's assessment on April 24, 2002 was that the treatment should "target the psychotic symptoms, the difficulty sleeping and possibly add an antidepressant later." (TR at 188.) Notably, Dr. Wynne's notes do not reflect a belief that Purcell's drug and alcohol dependence was the principal cause of his difficulties. The ALJ failed to recognize that Dr. Wynne's reports indicated that substance abuse was not a material factor contributing to the plaintiff's disability. (TR at 188 ("His last drink was March 31, 2002.").) Thus, the actual record presented to the ALJ and this court contained sufficient evidence to disprove the ALJ's determination that plaintiff's substance abuse

3

was material to a finding of disability. Moreover, if the court had felt that consideration of the later-submitted reports was necessary, it would have remanded to the Commissioner for consideration of the new medical evidence. 42 U.S.C. § 405(g). The government's position that the court relied on the new medical evidence in finding plaintiff disabled is therefore untenable.

Discretion lies with the district court to determine a reasonable fee award. See 28 U.S.C. § 2412(b); May v. Sullivan, 936 F.2d 176, 178 (4th Cir. 1991). The Commissioner does not dispute the reasonableness of the fees claimed by the plaintiff, and therefore, the requested award will be granted in its entirety.

For the reasons stated above, the court finds that the plaintiff is entitled to an award of reasonable attorney's fees pursuant to the EAJA. Plaintiff's counsel shall be compensated in the amount of $3,925.00, which represents 31.4 hours at a rate of $125.00 per hour.

DATED this 3rd day of August, 2006.

_____
United States District Judge